United States v. Conley

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 3rd day of February, two thousand twenty.

Present:    GUIDO CALABRESI,
            ROSEMARY S. POOLER,
            SUSAN L. CARNEY,
                    *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                    *Appellee,*

            v.                                              19-40

RENO CONLEY,

                    *Defendant-Appellant*.

_____

Appearing for Appellant:     Lawrence Elmen, Saratoga Springs, N.Y.

Appearing for Appellee:      Rajit S. Dosanjh, Assistant United States Attorney, *for* Grant C. Jaquith, United States Attorney for the Northern District of New York, Syracuse, N.Y.

Appeal from the United States District Court for the Northern District of New York (Scullin, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Appellant Reno Conley appeals from the January 2, 2019 judgment of conviction entered in the United States District Court for the Northern District of New York (Scullin, *J.*) pursuant to a conditional plea agreement. Conley challenges the district court's denial of his motion to suppress. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Conley makes three primary arguments. First, he claims that his wife lacked apparent authority to consent to a search of his residence. Second, he argues the district court erred in discrediting his mother's testimony that she told the Albany Police Department ("APD") that Conley's wife did not live with them. Finally, he contends that the district court erred in failing to consider whether the APD received consent from his mother to search the residence. We reject all three and affirm the district court's denial of the motion to suppress.

"[A] third party has authority to consent to a search of a home when that person (1) has access to the area searched and (2) has either (a) common authority over the area, (b) a substantial interest in the area, or (c) permission to gain access to the area." *Moore v. Andreno*, 505 F.3d 203, 208-09 (2d Cir. 2007). "[E]ven if a third party lacks actual authority to consent to a search of a particular area, he still may have apparent authority to consent to the search." *Id.* at 209. A mistake of fact as to whether a third party has authority must be reasonable in order to render a search constitutional. *Id.* We have noted that, in accordance with Supreme Court precedent, "the reasonableness of a consent search is informed by widely shared social expectations." *Id.* (internal quotation marks and citations omitted).

We agree with the district court that it was reasonable for the APD to believe that Conley's wife had authority to consent to the search of the residence. First, Conley's wife told the APD that Conley was her husband and had referred to the residence as "their" home during an interview. App'x at 70, 116. In addition, she signed a search-consent form that gave the APD consent to search "*my* residence and/or other property listed below," and she listed the residence's address. App'x at 180 (emphasis added). Furthermore, Conley himself did not dispute the APD's description of the residence as "where you guys live at" during his interview. App'x at 31 (1:55:17-1:55:35). These facts provide reasonable support for the APD's belief that Conley's wife had authority to provide consent for the search. That Conley's mother also told the APD that "they both live here" and directed the police to Conley's bedroom further reinforces this conclusion, as does the APD's finding of female clothing and beauty products in Conley's bedroom. *See* App'x at 101.

Conley asserts that his wife did not have a key to the home and had previously disavowed any intent to return there. Even assuming that his wife did not have a key, this does not foreclose a finding of access. *See United States v. McGee*, 564 F.3d 136, 140 (2d Cir. 2009). Nor does the fact that Conley's wife voluntarily left the residence, which she did as a result of Conley's assault on her. *See United States v. Backus*, 349 F.3d 1298, 1304 (11th Cir. 2003) ("There is a difference between voluntarily giving up your home and being forced to flee from it in fear for

2

your life and the life of your child. The law should take account of that difference. Failure to do so would condone and reward violent, abusive behavior.").

Conley further argues that ambiguity was created when Conley's wife told the APD that Conley's mother and sister also lived at the residence but nonetheless indicated in the search-consent form that they could search the entire apartment. We are not convinced. It is not uncommon for extended family members to live in one household, so their presence alone is insufficient to sow doubt. The search-consent form is also insufficient; even if Conley's wife could not have consented to search of the whole residence because of the mother and sister's presence, the average citizen is not typically well-versed in the technical letter of Fourth Amendment law such that any mistake on a form creates ambiguity about authorization.

Conley's second argument also fails. Essentially, Conley challenges the district court's determination that Conley's mother's testimony, at least as to her statement that she told the APD that Conley's wife did not live there, was not credible.

We pay special deference to the district court's credibility determinations and only overturn them for clear error. *United States v. Gomez*, 877 F.3d 76, 85 (2d Cir. 2017). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985).

Here, the detectives' accounts and the mother's account were equally plausible, so the district court's decision to credit the detectives' testimony over the mother's was not clearly erroneous. The district court's decision is reinforced by the fact that Conley's mother admitted on cross-examination that she had made an incorrect statement in her previously filed affidavit. We accordingly decline to disturb the district court's credibility determination.

Conley's final argument is that the district court failed to analyze whether the APD had obtained consent from Conley's mother. But the district court found that the defendant's mother showed the police to the bedroom without protest, and like the previous finding concerning Conley's mother, this determination was not clearly erroneous.

We have considered the remainder of Conley's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3